Final case for today is 2017-1079, Takeda Pharmaceutical v. Array BioPharma. Please proceed, Captain. The board's denial of Claims 26-29 rests solely on the statement that they would be unpatentable for at least the same reasons as Claim 18. I know. I don't know how much time you need to take. It just seems clearly correct. So, I think that we wanted to point out that there are several cases cited by Array in its brief where there was no remand ordered by the court, but all of those cases involved board decisions that either did provide a sufficiently reasoned basis... Well, right. This element was not even in these claims. The board didn't reach out. They didn't reach other issues. I mean, I don't know. It doesn't even seem close. I guess I don't understand his argument. I wish he could have gone first. Well, yeah, in that case, I just want to say our primary position is that the court should remand this case in order for the board to provide a reasoned decision. And I thank you not for going so far as to make the crazy argument, which, believe it or not, people in your position often do, that we should just rule on these claims ourselves in the first instance. Thank you for not doing that. Only in the event that there wouldn't be a basis for reversing and remanding. Only if the court were to go and weigh the issues for the first time on appeal... Which we can't do. ...would we ever dare to suggest that. Okay. If there are no further questions... No. Okay. Let's hear from your opposing counsel. Is it Maloro? Yes, Your Honor. Mr. Maloro. Tell us why, Mr. Maloro. That's a good way to start your morning, huh? Glad I had a cup of coffee before I came in. The decision should be affirmed because even though the stated reason for unpatentability in the board's decision was incorrect, and in fact, the 112 issue that the board decided and the limitation that it focused on with not present in claims 26 to 29, there are four independent reasons for affirmance here. None of which were decided by the board. None of which were decided by the board. So what authority allows us to reach those new grounds? In re Comiskey and in re Aoyama are two cases from this court which make clear that if the record presents evidence so that the result wouldn't be different... Were the PTAB billed to consider entire claims? Yes, Your Honor. In Comiskey, the PTO rejected the claims under Section 103. It came up to this court. This court did not rule on the Section 103. Comiskey is an administrative law nightmare. There's no way that I would do that again. I'd let it be done again. In Comiskey, the court did take up the 101 issue. Specifically addressed the chainery Supreme Court case. In re Aoyama is similar. The PTO rejected the claims under Section 102. Even in that instance, even in the Comiskey instance, which is horrifically wrongly decided, but even in that instance, it doesn't apply to you because it's a 101 question which Judge Dyke argued in that case could be resolved exclusively as a matter of law. You're asking us to reach fact-based questions for the first time on appeal that were never resolved. We've now said the burden on those has to be on you. Why doesn't just ACWA alone require a reason? Two of the foregrounds have no fact issues associated with them at all. One is the 42.121B issue where the regulation specifically says there is a production burden on the patent owner to show support in the specification for the claims. That's unaffected by ACWA, which is a persuasion decision. Here we had notice and comment rulemaking. It puts production burden on Takeda. Takeda didn't carry that burden here by just string citing paragraphs to the specification. This court in BETEC made clear that that's not sufficient. We also said in ACWA that the board has to make its patentability determinations with respect to proposed amended claims based on the entirety of the record. The board has now adopted guidance that says that that's what has to be done. On the ultimate section 112 issue, that is the state of the law now under ACWA on whether or not written description has been satisfied, that doesn't affect the production burden initially under 42.121B where it's the patent owner that has to come forward with that evidence. Secondly, on the anticipation issue, it's a pure claim construction. That feels like something I shouldn't be deciding in the first instance. The board set out a regulation about what is necessary to meet it. They did something. It's not that they did nothing. I don't know that what you're saying doesn't meet that burden. Why in the world would I do that on the first instance on appeal? Under BETEC, this court made clear that simply inviting perusal of the specification by citing In that sense, this court is not being invited to examine the entire record. Perhaps in that case it wasn't sufficient. Perhaps in this case it was. There was no effort to in any way, shape, or form address the effective amount by those citations. Even looking through each of the paragraphs that were cited in that string site, the term effective amount just isn't present in any of those paragraphs. You argue in the blue brief that effective amount should be construed differently for Claim 17 than for 26 to 29. How should it be construed in the context of 26 to 29? And where is that claim construction offered? In the context of 26 to 29, it should be in the context of what the claim itself recites, which is the method of antagonizing the receptors. The effective amount is with regard to Where was that offered? That was with respect to Claim 26 to 29. I won't get the citation in the record, but it was Dr. Bernstein's testimony with regard to that particular issue. And that's different from Claim 17, which requires or has a preamble that states clinical limitations, treating certain specified conditions. And in that instance, the Board ruled that the institution decision, that that mattered as to what effective amount meant. Following institution, did you request rehearing pursuant to 37 CFR 42.71 to challenge the PTAB's claim construction of effective amount? We did not request rehearing, Your Honor. Then why shouldn't we simply adopt the PTAB's uncontested claim construction? Because the different context of Claims 26 to 29 versus Claim 17 means that the claim term effective amount in 26 to 29 is accorded a different meaning. This is very similar to the hemanetics case, which this Court decided, where there were different claims which used the term, I think it was, centrifugal unit. And in that case, the context of those claims meant that the same exact claim term, centrifugal unit, was given two different constructions in those different claims. That's what we have here. Claim 17, effective amount, is in a claim with these recitations to these clinical conditions. Those are not present in 26 to 29. Any potential thought to a joint motion to vacate and remand this case, given the claims? I mean, this is such a clear error by the Board. The Board did make a mistake in its characterization of Claims 26 to 29, and we're not resting on the Board's decision. Why put your client through this? You have no hope of prevailing on appeal. So why put your client through this? Why didn't you just jointly vacate and remand this, send it back to the Board, and let them address all this in the first instance? The conversation you're having with Judge Wallach only dramatically reinforces the view that I have, that these are not the kinds of issues we decide in the first instance on appeal when they haven't been addressed below. You're asking us to adopt a claim construction that results in the same claim term in the same patent being construed in two different manners. Claim construction, as you know, involves underlying questions of fact. You're talking about an expert declaration that helps support the idea of how it ought to be construed. All of that is fact-finding. That expert declaration would require fact-finding by us. Appellate courts don't do that. I'm very frustrated. Respectfully, Your Honor, we came here because the Comiskey-Aoyama line of cases and the particular circumstances- Comiskey involved 101, a pure question of law. You've already admitted that of the four different ways you think this case could have been affirmed, most of them involved questions of fact, that you would have had to have us decide on appeal in the first instance. That can't be squared with Comiskey. The 112 issues have fact issues associated with them, but the evidence here is this is a claim that covers an infinite number of compounds. Speaking of frustration, the PTAB relies on the declaration of Dr. Michael Crimmins as evidence relating to the inherent effect of administering the claim compound. In the red brief, you cite the decisions by the PTAB to support the inherent effect argument rather than Dr. Crimmins' declaration, and I can't find it. That's frustrating. Where is it? I don't believe it's in the appellate record, Your Honor. The findings of the PTAB are not contested on appeal here. The anticipation of those claims was not taken up by Takeda, so those are now facts that are found that are undisputed in the record because there's been no appeal here. That's not something, whether here or on remand, could be revisited by Takeda.  If there are no further questions, I think the issues seem clear to the panel. Just to be clear, you're not going to lose the right to argue any of this below. I mean, it's not that you're necessarily making bad arguments. It's just that we just don't do this on appeal. So I just don't want you to think that my having been firm with you means you have a clear losing case. You just can't ask us to do this kind of stuff on appeal. The last thing we want to do is make Comiskey mean more than its very narrow, narrow set of facts. Understood, Your Honor. If we are remanded, we'll obviously present all of these issues. There is an ongoing reissue application that's pending here. Prosecution of that application has been suspended as a result of this appeal, so there is a lot of interplay both in the commercial world and in that reissue application with the issues here. Our view is that these issues are clear enough to be decided by this court, but we understand the tenor of the comments and questions from the court today. Okay, Mr. Malauulu. Mr. Matthews, do you have anything you need to add? I just want to make one very brief point about the BE technology case that was cited by Array. In that case, there was actually a decision that there was a violation of Rule 121B. In this case, we don't have a decision from the board stating it, and that's all I have, Your Honor. Thank you. That's very helpful. I thank both counsel. The argument is taken under submission. If you kept talking another 30 seconds, your reply would have been longer than your opening. All rise.